IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIDWEST FREEDOM COALITION, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV-11-1269-F |
| ) | |
| E. SCOTT PRUITT, ) | |
| ATTORNEY GENERAL FOR THE ) | |
| STATE OF OKLAHOMA in his official ) | |
| capacity and GOVERNOR MARY FALLIN ) | |
| FOR THE STATE OF OKLAHOMA ) | |
| in her official capacity ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT,
TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION**

COMES NOW Plaintiff, by and through undersigned counsel, and for its cause of action against Defendants, states and alleges as follows:

1. Plaintiff brings this action to seek a declaratory judgment that Oklahoma Senate Bill 919 (2011) (hereinafter referred to as SB 919) (attached as Exhibit A) as truly passed an signed into law by the Governor of the State of Oklahoma violates the United States Constitution and is therefore unconstitutional. Plaintiff further seeks to enjoin and restrain the Attorney General and Governor from enforcing the unconstitutional provisions of SB 919(2011).

**COUNT I**

Sections of SB 919 violates the United States and Constitution under the due process clause

**PARTIES**

2. Plaintiff is an LLC duly formed under the laws of the state of Missouri whose members are both individuals and companies engaged in the distribution and sale of incense products, which

1

contain synthetic cannabinoids, throughout the State of Oklahoma.

3. Defendant Pruitt is the duly elected Attorney General for the State of Oklahoma. The Defendant Fallin is the duly elected governor for the State of Oklahoma.

4. The Attorney General is responsible to represent or defend the State of Oklahoma in any action in which the State's interests are involved. .

## VENUE AND JURISDICTION

5. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure, Rule 57, 28 USC § 2201, which provides the courts with the the authority to hear declaratory judgment actions and that no action or proceeding is open for objection on the ground that declaratory relief is sought.

6. Plaintiff seeks a temporary restraining order and further injunctive relief pursuant to Fed.R. Civ. P 65(a) and (b) from the offending legislation from taking effect and requests waiver of the security requirement of Fed. R. Civ. P 65(c).

7. Venue is appropriate in this court in that The Office of the Attorney General and Governor is in Oklahoma City and part of this judicial district.

## ALLEGATIONS

8. On or about May 5, 2011 SB 11 passed the Oklahoma Senate and was signed by the Governor thereafter.

9. SB 911 goes into effect November 1, 2011 and is attached as Exhibit A.

10. It is assumed that Oklahoma will enforce the laws it passes through the office of the Attorney General and if a criminal statue is involved either the Attorney General or the various elected Prosecuting Attorneys for the State of Oklahoma will seek prosecution for violation of the law or laws.

13.  Plaintiff and other persons are thus in jeopardy of being prosecuted under unconstitutional sections of SB 919

14.  SB 919, as truly agreed and finally passed and enacted into law, is an act relating to narcotics and dangerous drugs.

15.  The section complained of by Plaintiff to violate the United States Constitution contained in SB 919 is § 2-204(F) of the Oklahoma Statutes.

16.  § § 2-204(F) provides that "any quantity of a synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring substances including:" is a Schedule I controlled substance and illegal to possess or distribute.

17.  § 2-204(F) lists many substances that are synthetic chemicals but the reading of the section lets it be known to the reader that the list is not inclusive and that other synthetic chemicals not listed are also banned and are schedule I controlled substances.

18.  The Oklahoma Legislature has not defined what a "cannabinoid receptor agonist" is.

19.  In the scientific community an "agonist" is a substance that binds to a receptor of a cell that triggers a response by the cell.  Agonists often mimic the action of a naturally occurring substance.

20.  A "Cannabinoid Receptor" is a class of cell membrane receptors under the G protein-coupled receptor superfamily.

21.  Cannabinoid receptors are activated by three major groups of ligands-endocannabinoids (produced by the mammalian body), plant cannabinoids (THC provided by the cannabis plant), and synthetic cannabinoids.

22.  There is evidence of three types of cannabinoid receptors-CB1, CB2 and novel

cannabinoid receptors.

23. CB1 receptors are mainly in the brain but also in the lungs, liver, and kidneys.

24. CB2 receptors are in the immune cells and hematopoetic cells.

25. Novel cannabinoids receptors are expressed as endothelial cells and found in the central nervous system.

26. The Oklahoma Legislature does not distinguish cannabinoid receptors named in the scientific community as CB1, CB2 or novel cannabinoid receptors.

27. Citizens of Oklahoma and Plaintiff use and will continue to use everyday products which are synthetic cannabinoids which are now criminalized under the SB 919

28. These everyday products now illegal to possess include but are not limited to over the counter pain relief tablets, shampoos, motor-oil lubricant, soaps, and artificial chocolate flavoring.

   A. Acetaminophen is a synthetic cannabinoid under the definition of a "synthetic chemical" and is made illegal to possess pursuant to this new bill.

      (1). When Acetaminophen is consumed into the body it is metabolized or converted into a compound known as AM404.

      (2). AM404 is a cannabinoid receptor agonist because it effects and causes a reaction on the CB1 and CB2 receptors.

      (3). Acetaminophen is sold under various name brand products including but not limited to Tylenol, Childrens Tylenol, Anacin-3 Maximum Strength, and St. Joseph Aspirin-Free.

   B. Oleamide is a substance which is a synthetic cannabinoid now illegal to possess in the State of Oklahoma pursuant to SB 919

      (1). Oleamide is a cannibinoid receptor agonist because it to effects the CB1

and CB2 receptor.

(2). Oleamide is sold in over the counter shampoos, hair care products, lubricants (synthetic motor oil), is found in corrosion inhibitors, and other industrial and consumer products.

C. Artificial Chocolate flavoring products are synthetic cannabinoids because these products affect the CB1 and CB2 receptors. Products which contain these substances or compounds are now illegal to possess in the State of Oklahoma

29. Other products containing synthetic cannabinoids now illegal in the State of Oklahoma include incense, perfumes, candles, and room air fresheners.

30. SB 919 is unconstitutional pursuant to the United States Constitution, Amendments V and XIV due process clause because it is overly broad.

31. Specifically, § 2-204(F) is unconstitutional because it is overly broad in that it permits punishment of innocent persons who may be in possession of products such as tylenol, hair care products, and other legal products mentioned above; the prohibition of all synthetic cannabinoids expressed in bill is stated in a way that is unclear for a person to know whether their conduct falls within the laws; the offending section's ban of possession of all synthetic cannabinoids is broader than intended by the Oklahoma General Assembly or the Federal Constitution; and SB 919 contains no requirement of criminal intent (mens rea) for possession of a synthetic cannabinoid by any person in that this statute does not advise Plaintiff or others what they must do to avoid violation of the statute.

32. SB 919 is unconstitutional pursuant to the United States Constitution, Amendments V and XIV due process clauses because is is void for vagueness.

33. The offending SB 919 is void for vagueness in that the language of the statute does not convey to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct in that possession of any lawful product such as tylenol, air fresheners, etc. may now be made punishable through implementation of SB 919.

38. Plaintiff has no adequate remedy at law, and without relief from this Court, Plaintiff will suffer irreparable injury.

39. Plaintiff will suffer irreparable harm if the Attorney General is not enjoined or restrained from enforcement of the offending statutes contained within SB 919

WHEREFORE, Plaintiff prays that this Court:

a. Find and declare that SB 919 is unconstitutional pursuant to the United States Constitution, Amendments V and XIV due process clause.

b. Restrain and enjoin Defendant Attorney General from enforcing these offending sections of SB 919; and

c. Order such other relief as this Court may deem appropriate.

## COUNT III

Equal protection argument under the Federal Constitution.

In the alternative, for Count III of its petition, Plaintiff states:

40. Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs 1-39 of this Petition.

41. Plaintiff asserts that the Oklahoma statutory scheme regarding the classification of synthetic cannabinoids as a Schedule I controlled substance violates its members and individuals rights under the due process and equal protection clauses of the Federal Constitution.

42. Under the classification scheme Synthetic Cannabinoids are treated the same as other drugs such as cocaine, methamphetamine and PCP-all Schedule I controlled substances.

43. There exists no scientific proof that synthetic cannabinoids have the same effects as methamphetamine, cocaine, PCP, and other harmful drugs.

44. There is no scientific proof that synthetic cannabnoids are an addictive intoxicant or have harmful effects such as the drugs mentioned in paragraphs 42 and 43 as stated above.

45. There is scientific proof that cigarette smoking is harmful and deadly, yet cigarettes are not on any Scheduled Controlled Substance under Oklahoma law.

46. The Attorney General for the state of Oklahoma sought and received money in a settlement against the Tobacco Industry to offset Oklahoma's costs through its payment of health care to citizens who suffered and continue to suffer from the ill effects of smoking cigarettes.

47. The classification of synthetic cannabinoids in Schedule I of the Controlled Substances Act without scientific proof of its ill effects and proscribing penalties for its possession for the same drugs such as cocaine, PCP, and methamphetamine violates Plaintiff's members and other citizens rights under the due process clauses and equal protection clauses of the United States Constitution.

48. There is no rational basis for the Oklahoma Legislature to classify synthetic cannabinoids as a Schedule I controlled substance based upon the lack of scientific evidence as to its effects and thus SB 919 violates the equal protection clause of the Federal constitution.

49. Plaintiff has no adequate remedy at law, and without relief from this Court, Plaintiff will suffer irreparable injury.

50. Plaintiff will suffer irreparable harm if the Attorney General is not enjoined or restrained from enforcement of the offending statutes contained within SB 919.

WHEREFORE, Plaintiff prays that this Court:

a. Find and declare that SB 919 is illegal and unconstitutional under the Federal Constitution's due process and equal protection clauses.

b. restrain and enjoin Defendant Attorney General from enforcing these offending sections of SB 919; and

c. Order such other relief as this Court may deem appropriate.

Respectfully submitted,


/s/ Joshua Brewer
Joshua Brewer (20631)
3033 NW 63rd Street, Ste 152
Oklahoma City, Oklahoma 73116
Telephone: (405) 601-3400
Email:  josh@brewerlawokc.com


**GUNTER & ASSOCIATES**

*Michael J. Gunter*
Michael J. Gunter (MO BAR 40868)
417 E. 6th Street
Kansas City, Missouri  64106
Phone:  (816) 471-4529
Fax:     (816) 221-6863
Email: mgunterlaw@mgunterlaw.com
ATTORNEY FOR PETITIONER